Blackburn *vs*. Baker, et al.

BLACKBURN *vs* BAKER, et al.

1. In an action on the statute, plaintiff, by the statement of the cause in his declaration, must bring himself within the act, by setting forth every circumstance material to a proper description of the offence; and in such cases debt will lie, and is proper, if no specific remedy is provided.

2. The actual occupancy of the one half of a quarter section of land, does not draw to its occupant, the possession of an adjoining quarter section of unimproved and unoccupied land, over which he has exercised acts of ownership, by cutting logs for his saw-mill, so as to authorise him to maintain trespass *quare clausum fregit*, against one who had also cut logs thereon for his mill, and who was in the occupancy of land as near it as that occupied by plaintiff.

3. *It appears*, that constructive possession, as contradistinguished from actual possession, never exists in the absence of title.

4. In trespass *quare clausum fregit*, it is competent for the jury to acquit one defendant, and find the other guilty, and assess damages against him.

Error to the Circuit court of Tuskaloosa county.

Trespass *quare clausum*, against B. and J. Blackburn. To the declaration of plaintiffs, the defendants plead not guilty, and license given by plaintiffs. Verdict and judgment in favor of one defendant, and against another.

The bill of exceptions stated, that on the trial of the cause, plaintiffs produced no paper evidence of title to the lands in question, but relied on possession only.— The plaintiffs proved, they were in possession of a certain half quarter section of land, living thereon, and had

Blackburn *vs.* Baker, et al.

a saw mill on the same : that the trespass complained of was committed on a quarrer section of land, adjoining the said half quarter, which was altogether wood-land, on which it was not proved that the plaintiffs had made any improvement, whatever—neither buildings, cultivation or fence. The trespass proved against defendent, (B. B.) was that he had cut and hauled off from the said quarter section about thirty-six saw-logs, which were hauled to his mill : that the defendant, (J. B.) was not concerned in said alleged trespass. That the tresspass proved against the defendant, (J. B.) was cutting and hauling from said quarter section, about thirty-six saw-logs, which were hauled to his mill—and that defendant, (B. B.) was not concerned in said supposed trespass. It was proved, however, that both trespasses, were committed about the same time ;—that the logs hauled to the mill of the defendant J. B., were hauled on the carry-log of defendant, B. B.

It was also proved, that plaintiffs exercised acts of ownership over said quarter section, by cutting and hauling logs off said land. That both alleged trespasses were about three quarters of a mile from plaintiff's mill, and about the same distance from the mills of defendants : and that defendant, B. B., lived about half a mile from the place of the supposed trespasses. That after the supposed trespasses, the plaintiffs had had a survey made, which embraced the land on which the supposed trespasses were committed. On these facts, the defendants' counsel moved the court to instruct the jury as follows :

1. That, unless the plaintiffs had some improvement

on the quarter sect'on, upon which the trespasses are said to have been committed, or unless the same was enclosed by a fence, the plaintiffs having shewn no title, they should find for the defendants.

2. That unless the jury believed, from the evidence, that the defendants were joint-trespassers, they should find for the defendants.

3. That if they believed, from the evidence, that the trespass proved against the defendant, J. B., was for cutting and hauling logs to his mill, in which the defendant, B. B., had no interest, and in which he took no part; and if the trespass proved against the defendant, B. B., was for cutting and hauling logs to his mill, in which defendant, J. B., had no interest, and in which he took no part—that then the trespasses were separate, and not joint, and they should find for the defendants: which charges the court refused to give; but charged the jury, that the plaintiffs must either shew titles in themselves, or actual possession. That to constitute actual possession, it was not necessary that the lands be enclosed with a fence, as contended for by defendants.—— A man occupying a farm, and exercising acts of ownership over the adjacent woodland, as a part and parcel of the same tract of land, and attached to the same plantation, was a sufficient possession in law to authorize recovery.

4. That to authorise a recovery against defendants, the jury must believe, from the testimony, that they were jointly concerned in the trespasses,—that it was not sufficient that one defendant committed a trespass at one time, and the other at a different time. In the

Blackburn *vs.* Pak r, et al.

action of trespass against several defendants, they might find any portion guilty, and the balance not guilty, according to the proof, &c.

At the request of the plaintiffs, the court charged the jury, they might, under the second section of the act, title "trespass," Aik. Dig. 426, find three dollars for every tree cut, carried away or destroyed, &c.

To the refusal of the court to charge as requested, and to the charges given, the defendants excepted, &c.

And at the present term the plaintiff in error assigned:—

1. That the court erred, in refusing to give the several charges to the jury, as requested by the defendant below, as stated in the bill of exceptions.

2. The court erred in the several charges given to the jury, as stated and set forth in the bill of exceptions.

*Ellis & Peck*, for the plaintiffs in error.
*Crabb*, contra.

COLLIER, C. J.—Three questions arise upon the bill of exceptions in this case.

1. Does the actual occupancy of the half of a quarter section of land, draw to its occupant the possession of an adjoining quarter section of unimproved and unoccupied land, over which he had exercised ownership by cutting logs for his saw mill, so as to authorise him to maintain trespass *quare clausum fregit*, against one who had also cut logs thereon for his mill, and who was in the occupancy of land as near it as that occupied by the defendants in error?

2. Is a plaintiff entitled to recover the statute assessment of the value of trees in an action for a trespass upon land, in the usual form?

3. In such an action, can the jury find one defendant not guilty, and the other guilty, where a joint trespass is charged against two?

1. It was not insisted for the defendants in error, that they were entitled to recover by force of a constructive possession, nor could such an argument be maintained; for such a possession, as contra-distinguished from one that is actual, never exists in the absence of title. And with this it is not pretended that the defendants are invested—Gillespie vs Dew, (1 Stew. R. 229.)

So far as the evidence on this point (as disclosed in the bill of exceptions) shows any thing, it is about as strong to prove an actual possession in the plaintiff in error, as in the defendants. But, in our opinion, it falls short of shewing either party to have been thus possessed. This case does not make it necessary to define, with particularity, what is necessary to constitute *actual possession*—and we will therefore leave that question open, to be decided when it shall directly arise. We will remark, however, that the occupancy of eighty acres of land, cannot draw to its occupant the adjoining eighty acres, though unoccupied, and a part of the same quarter section. Otherwise, we must suppose not only that an appropriation, by metes and bounds, or an enclosure, was not necessary, but that he who acquires one sub-division of land, has also become the purchaser of another sub-division contiguous—which would extend the doctrine of presumption, quite too far—Jackson vs Shoema-

ker, (2 Johns. R. 234;) Jackson vs Woodruff, (1 Cowen, 276, 285;) Ibid, 605.

2. The judge of the Circuit court instructed the jury, "that if they found the defendants guilty, they might, under the second section of the act, title "Trespass," (Aik. Dig. pp. 426,) find three dollars for every tree cut, carried away, or destroyed," &c. The words of the section referred to, are as follows: "If any person shall cut down, carry away, or destroy any cypress, white oak, black walnut, pecan or cherry tree, upon any lands not his own, without first having the consent of the owner, he shall forfeit and pay the owner thereof, ten dollars for every such tree, so cut, carried away, or destroyed; and for every other tree so cut, carried away or destroyed, without leave as aforesaid, the sum of three dollars, except such trees as may be cut or taken out of, or for the use of public roads." The trees cut and carried away by the plaintiff were pine trees, and of course estimated at the smallest sum.

It is a settled rule, that in actions on statutes, the plaintiff, by the statement of the cause in his declaration, must bring himself within the act, by setting forth every circumstance material to a proper description of the offence—Ellis vs Hull, (2 Aik. R. 41;) (1 Cowen, 176;) (6 Cowen, 290.) A declaration on the statute should aver that the plaintiff was the owner of the land —state the number of trees cut, &c. and their description—that they were cut, &c. without his consent, &c. In the case before us, the declaration is defective, perhaps, in almost every essential—so much so, that it is clear that it was not framed with a view to the statute.

7 P.                    37

Again—The form of the action is not adapted to the recovery of the penalty assessed by the statute. Whenever a statute gives a right to recover damages, which are ascertained by the act itself, an action of debt lies and is proper, if no specific remedy is provided—Bigelow vs the Cambridge and Concord T. A. (7 Mass. R. 202;) United States vs Allen, (4 Day's cases, 474;) (1 Chitty's Pl. 104;) (2 Bacon's Ab. 280.) The charge of the jury is, then, erroneous—they should have been instructed—if the defendants in error entitled themselves to a recovery, to give damages proportioned to the injury done, without regard to the value affixed to the trees by the statute.

3. In regard to the last point, the charge of the Circuit court is correct. It is competent for a jury, in this form of action, to acquit one defendant and find the other guilty, and assess damages against him.

The judgment is reversed, and the cause remanded.