# BADGER v. LYON.

1. Evidence being given of a former possession of land by a defendant in execution, accompanied by acts of ownership; and proper evidence being shown of the sale and conveyance of all his right, under a sale by the Marshal of the United States, by virtue of a judgment and execution, it is not an assumption of a fact for the Court to charge the jury, that his possession and improvements vested in him such a legal title, as to enable him to maintain ejectment against one ousting him.

2. A prior possession, accompanied by acts indicating ownership of land, by a defendant in execution, will authorize a recovery, by one having his right under a conveyance from the Marshal of the United States, against one found afterwards in possession of the same land, but showing no title.

3. A mere trespass by entry upon another's right, does not make an adverse possession; to constitute which, a claim, or color of title, is necessary.

Writ of error to the Circuit Court of Jefferson.

TRESPASS, by Lyon against Badger, to try title to a certain lot of land, described in the declaration.

At the trial, parol evidence was given by the plaintiff, that one Steele went into possession of the lot about the year 1827, previous to which time one King had resided on the lot. Steele continued in possession, and resided on the lot, until some time in the spring of 1840, when he left the country. From the time Steele left, the defendant came in possession, and so continued up to the time of the trial. The witness who gave this evidence, said the defendant might have lived with Steele before the latter left, and that the defendant was the son-in-law of Steele. The plaintiff also proved that Steele had put valuable improvements on the premises, by building a good kitchen, and making a good inclosure around the garden. The plaintiff had previously given in evidence a transcript of two judgments obtained in the United States Court for the middle district of Alabama, one in favor of Crumby & Draper v. Steele & Atkins, for $852 79, the other in favor of Thomas M. Lyon & Co. for $1,235 75, both obtained at the December term, 1840. Also, two executions, founded on said judgments, and then

proved and offered in evidence, a deed made by James A. Beal, as deputy for, and in the name of, R. L. Crawford, the Marshal of the United States, dated 10th August, 1841, reciting, that by virtue of the said executions, he had levied on the lot in controversy, and sold it to the plaintiff, and conveying to him the said lot as marshal. The defendant objected to the introduction of the deed, but the objection was overruled.

There was no other evidence on the part of the plaintiff, and the defendant offered none. Whereupon the Court charged the jury, that the possession of Steele, and his making valuable improvements, created in him such a legal title as would have enabled him to maintain ejectment, or trespass to try titles, against any person who might oust him; and that all the rights of Steele vested in the purchaser at the marshal's sale. To this the defendant excepted, and the matters arising upon these exceptions are here assigned as error.

PETER MARTIN, for the plaintiff in error, made these points:

1. The charge is erroneous in assuming the possession of the lot by Steele; this was a matter which should have been left to the jury, as a fact for their decision.

2. Badger being in possession of the lot previous to the time of the judgment against Steele, no lien attached by reason of it; and the presumption of law is, that the one in possession has the title. [2 Black. Com. 196; 2 S. & P. 83; 4 Cowen, 602.] When it becomes necessary to rebut this presumption, it must be done by documentary evidence. [3 S. & P. 60.]

3. To recover on the marshal's deed, it was necessary, in the absence of proper title, to show that Steele was in possession, when the judgment against him was rendered. [Jackson v. Town, 4 Cowen, 599; 9 Cowen, 84; McGehee v. Carter, 5 S. & P. 420.]

4. The objection to the deed is, that it was executed in the name of the marshal, but admitted to record upon the acknowledgment of the deputy.

PECK, contra, cited and relied on Whitney v. Wright, 15 Wend. 171; Jackson v. Miller, 6 Cowen, 754; Day v. Alanson, 9 Wend. 223; Heydenfeldt v. Mitchell, 6 Ala. Rep. 70.

As to the objection to the deed, its execution was proved, and not left to the jury, upon the certificate of registration.

GOLDTHWAITE, J.—The objection, that the charge assumes a fact, which should have been left to the jury to decide, we think is without any legal foundation. If the controversy between these parties was with reference to the facts of the case, it is not easy to see why the bill of exceptions should be presented in the manner it now is, for the entire frame of it, in that event, would probably have been different; as it is, Steele's possession, in effect, is conceded by the manner in which the evidence is stated. The point ruled by the Court below, is as to the effect of the possession, and had no reference whatever to the proof of it. In our judgment no presumption of error arises from the mode in which the case was put to the jury.

2. As to the other and more important questions involved in the case, we think the charge is free from error. Generally, when lands are purchased under a judicial sale, the purchaser has no access to the proper evidence of title, under which the defendant in execution held; therefore the propriety, to say nothing of the absolute necessity, in most cases, of permitting a purchaser of this description, to recover in a possessory action, upon the same, or similar, evidence as would be sufficient if the defendant in execution was the plaintiff, against one who had entered upon his title, or, being in under him, refused to surrender the possession voluntarily. It will be borne in mind, that no adverse possession is here relied on, and that the facts in evidence tend quite strongly to show, that the defendant was in by the permission, or sufferance, of the debtor, whose estate, whatever it is, the purchaser has acquired. In principle, this case does not differ from Heydenfeldt v. Mitchell, 6 Ala. Rep. 70, though the defendant in execution, there, was in possession when the judgment was recovered under which the land was subsequently sold, whilst here it had previously ceased. If the question as to the right of the debtor was to be determined upon the naked matter of possession, there, would be great force in the argument of the counsel, that the right ceased with the possession; but here, as in the case cited, the possession is accompanied with acts of amelioration with respect to the land, which, if they do not indicate absolute ownership, afford a strong presumption, at least, of a valuable interest in it: and, therefore, the removal from it, ought not to be construed as a

voluntary abandonment of a mere naked possession. Even as to such a possession, the connection of the party afterwards found upon it, with the former possessor, might be entitled to some weight, to shew a continuation of the right. In all the cases to which our attention has been called by the counsel for the plaintiff in error, the presumptions of ownership arising from a mere naked possession, were counterbalanced by opposite presumptions, growing out of the fact of abandonment unexplained.

In the case before us, the removal, under the circumstances in evidence, did not destroy the presumption of title, growing out of the previous possession, accompanied by acts of improvements done upon, and with the lot. [Jackson v. Miller, 6 Cowen, 754; Whitney v. Wright, 15 Wend. 171; Fawk v. Darnell, 5 Litt. 319.]

3. There is another aspect in which it is necessary to look at this case, for it may be that Badger entered upon the title of Steele, without his permission. This, if true, would not constitute what is termed an adverse possession, so as to turn Steele's right, or title, into a mere right of action—even if such a right is incapable of sale under a judgment and execution—a question upon which no opinion is intended to be intimated. All the authorities concur that a mere trespass, by entry, upon another's land, does not make an adverse possession, to constitute which, a claim or color of title is necessary. [Jackson v. Todd, 3 Caines, 183; J. v. Ellis, 13 John. 118; Smith v. Barton, 9 Ib. 174; J. v. Smith, 8 Cowen, 589; 2 Bibb, 506; Gay v. Moffat, 4 Mon. 138.]

It is, then, entirely immaterial whether Badger entered under Steele, and held by his permission and sufferance, or as an intruder upon his right, as, in either event, the title of Steele, was not so changed or divested as to be incapable of sale. And the result is, that the Court placed the cause before the jury upon a ground quite proper, under the circumstances in evidence.

As to the point made upon the admission of the marshal's deed to the jury, the execution of it by the deputy seems to have been proved, therefore the question did not arise, that it was admitted upon the registration of his acknowledgment.

Judgment affirmed.