# Eakin *v.* Brewer.

*Statutory Action in Nature of Ejectment.*

1.  *What title will support action.*—Prior possession for several years, accompanied with the erection of valuable improvements, and other acts of ownership, raises a presumption of title, which, in the absence of proof of an outstanding title in a third person, will support an ejectment against a mere trespasser.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by William S. Eakin, against T. T. Cotnam, tenant in possession, to recover a town lot in Stevenson, with damages for its detention; and was commenced on the 14th March, 1872. Leroy H. Brewer intervened as the landlord of the tenant, and defended the suit. The plaintiff derived title under a purchase at execution sale against one J. E. Wallace, and the sheriff's deed to himself, as one of the plaintiffs in execution, as the purchaser; and he introduced in evidence the judgment on which the execution was issued, and the proceedings in the suit in which the judgment was rendered. The suit was commenced by attachment, in favor of W. S. Eakin & Co., against said J. E. Wallace, which was sued out on the 11th April, 1867, and was levied by the sheriff on the lot here sued for. The attachment was sued out on the ground of the defendant's non-residence, and publication was made against him as a non-resident; and judgment by default was rendered, on the 11th April, 1869, on proof of such publication. An execution on this judgment was levied on said lot, on the 4th August,

1869; and the lot was sold, under said levy, on the first Monday in September, 1869.

To prove title in said Wallace, the plaintiff introduced one Timberlake as a witness, who testified, "that he knew J. E. Wallace; that said Wallace went into possession of said lot, under claim of title, in 1858, and occupied said lot, and exercised acts of ownership over the same, from the time he so entered into possession, until some time in the year 1862, when the town of Stevenson was occupied by the United States troops; that said Wallace left Stevenson, during its occupation by the said troops, and went into the country with his family, but returned again, as soon as the troops left, in 1862; that in 1858, when said Wallace went into possession of said lot, there was on it a store-house, of one story, and a dwelling-house; and that said Wallace, after he went into possession, added another story to the store-house, and made some other improvements on the lot, which enhanced the value." B. L. Davis, another witness for the plaintiff, "testified that he knew said Wallace; that said Wallace went into the possession of said lot in 1858, and occupied it continuously until the year 1862, when he left it during the occupation of Stevenson by the United States troops, and moved into the country, but returned to town after it was evacuated by the said troops, in the fall of 1862, and he thought he returned to the said lot; that in 1858, when Wallace took possession of said lot, the only improvements on it were a store-house, and a dwelling-house; that Wallace built a second story to the store-house, and divided the upper story into two offices, one of which was used and occupied as a law-office by an attorney, and the other was used for a tailor's shop; that he put a flight of steps to the offices, so that they could be reached from the front street, and built a kitchen on the lot, and added a porch and dining-room to the dwelling." T. E. McMahan, another witness for the plaintiff, testified to the value of the lot, and its annual rental value, and the value of the improvements erected by the defendant; also, "that he saw J. E. Wallace, in the spring of 1863, residing on another lot in said town, with his family, which was known as the 'Austin and Coffey lot;' that the town of Stevenson was re-occupied by the United States troops, in the summer of 1863; that said Wallace went north in the later part of 1863, or in the year 1864, and while Stevenson was occupied by said troops, and had not returned as late as April 11th, 1867, when the attachment of W. S. Eakin & Co. was levied on said lot; and that the houses, with all the improvements on said lot, were destroyed by fire during the late war." "The defendant admitted that

he first went into the possession of said lot in the month of
May, 1869."

"This being all the evidence, the court charged the jury,
of its own motion—1st, that if they believed, from the testi-
mony, that said Wallace left the lot sued for in 1863, and did
not return, then his possession was not recent, and they
must find for the defendant ; 2d, that they must find for the
defendant, if they believed the evidence ; 3d, that a posses-
sion, with a claim of right, and making permanent improve-
ments, was evidence of title at that time, but the plaintiffs in '
this action can not recover on this showing, if Wallace left
the said lot before or during the year 1863, and has not
returned.    To the giving of said charges, numbered 1, 2,
and 3, the plaintiff excepted ;" and he here assigns them as
error.

BRANDON & JONES, with JASPER I. JONES, for appellant, cited
Tyler on Ejectment, 72–3 ; *Jackson v. Denn,* 5 Cowen, 200 ;
*Livingston v. Walker,* 7 Cowen, 637 ; *Lewis v. Goguette,*
3 Stew. & P. 184 ; 1 Term Rep. 334 ; 15 La. 76 ; *Clarke v.
Clarke,* 51 Ala. 498 ; *Badger v. Lyon,* 7 Ala. 564 ; *McCall v.
Pryor,* 17 Ala. 533 ; *Cox v. Davis,* 17 Ala. 714 ; 16 John. 314.

L. P. WALKER, *contra.*—It devolved on the plaintiff to show
such title in Wallace as was subject to levy and sale under
the attachment and execution; and this he failed to do.
*Hendon v. White,* 52 Ala. 597–600 ; Tyler on Ejectment,
177–8, 530 ; *Jackson v. Town,* 4 Cowen, 599 ; *Jackson v.
Jones,* 9 Cowen, 182 ; Adams on Ejectment, 4th ed., 352–5 ;
1 Rawle, 223 ; 18 Ala. 812 ; 19 Ala. 184, 629.

STONE, J.—The three affirmative charges given by the
court, and excepted to, each and all assert, substantially, the
same legal proposition.    We think each mistook the law.
The possession by Wallace from 1858–9 to 1862–3, the valua-
ble improvements put on the lot by him, and his acts of
ownership, raised the presumption of title in him at that
time, which, in the absence of proof of outstanding title in
another, would support or defend an action of ejectment.
See *Heydenfeldt v. Mitchell,* 6 Ala. 70 ; *Badger v. Lyon,* 7 Ala.
564 ; *McCall v. Pryor,* 17 Ala. 533.  *Hendon v. White,* 52 Ala.
597, was not intended to unsettle this principle.    See, also,
*Clarke v. Clarke,* 51 Ala. 498.

We have no evidence of any other possession of the land
in controversy, until 1869, when the defendant went into
possession, and has retained it ever since ; but he shows no
title.    Plaintiff, as one of the firm of Eakin & Co., claims title

[Bernstein v. Humes et al.]

under a levy of attachment in favor of his firm in 1867, on the lot in controversy, judgment obtained in the cause in 1869, sale by the sheriff and purchase by him in 1871, and the present suit brought in 1872. Under these facts, the presumption of title in Wallace is not overcome.—*Anderson v. Melear*, at December term, 1876.

Reversed and remanded.

BRICKELL, C. J., not sitting, having been of counsel.

### *Statutory Action in Nature of Ejectment.*

