# Mickle *et al.* v. Montgomery.

*Statutory Action of Ejectment.*

1. *Sheriff; levy of executions issued by justice of the peace.*—Under the provisions of the statute (Code, § 811) authorizing sheriffs to execute all mesne and final process which is required of constables, the duty and authority of sheriffs in reference to such process is co-extensive with that of constables; and the levy of an execution issued by a justice of the peace, addressed "To any lawful officer," upon land, not finding any personal property of the defendant, is valid; and such levy and the return thereof by the sheriff, in proper form, constitute a legal basis for an order of sale of the land so levied upon.

2. *Deed of corporation; signature by individual officers; admissibility in evidence.*—Where a written instrument purporting to convey land is signed by two persons, who write after their names, respectively, the words "President" and "Secretary" of a certain named corporation, but which has not the name of said corporation signed to it and

[Mickle *et al* ·v. Montgomery.]

and it does not appear that the persons signing it had written authority from the governing board of the corporation to execute the instrument, such writing is not a valid deed of said corporation, is ineffectual as a conveyance of the legal title to the land described, and is inadmissible in evidence as such a conveyance

3. *Ejectment; title necessary to support the action, when claimed under sheriff's sale; sufficiency of evidence.*—Since in an action of ejectment, the plaintiff must recover on the strength of his own title, when he deduces title under a purchase at a sheriff's sale, he must show that the defendant in the judgment had an estate or interest in the lands, which was subject to levy and sale, but he is not required to show written evidence of such title; and in the absence of evidence of an outstanding legal title, he may recover upon the same evidence which would authorize the defendant to recover against a trespasser or one who entered under him and refused to surrender possession.

4. *Same; same; same; general affirmative charge.*—Where in an action of ejectment the plaintiff claims title to the land sued for under a sheriff's deed as purchaser at a sale under execution, and the only evidence of title in the defendant in execution was that certain persons occupied said lands under said defendant, to authorize plaintiff's recovery, it must be shown that said persons entered prior to the levy under the execution or prior to the sale; and without such proof it is error to give the general affirmative charge in favor of the plaintiff.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. LEON DUKE, Special Judge.

This was a statutory action of ejectment, brought by the appellee, H. B. T. Montgomery, against the appellants, to recover certain lands specifically described in the complaint. Issue was joined upon the plea of not guilty.

The plaintiff's right to the property sued for was rested upon a sheriff's deed conveying the property in controversy. Upon the trial of the cause, as is shown by the bill of exceptions, the plaintiff introduced in evidence the proceedings in a suit before a justice of the peace by Penn & Co. against the Randolph and Chambers Co-operative Mercantile Association of Alabama, a corporation. In this suit judgment was rendered against the defendant on September 26, 1891, and execution was issued thereon by the justice of the peace on October 7, 1891, and was addressed "To any lawful officer of said county." This execution was delivered to the sheriff, and was returned by the sheriff on October 20, 1891, and

[Mickle *et al.* v. Montgomery.]

had indorsed upon it that the defendant had no personal
property known to the defendant, and that, therefore,
he had levied the execution upon the lot or parcel of
land sued for in this action.    Upon the plaintiff offering
to introduce in evidence this execution and indorsement
thereon, the defendant objected  on the ground that the
levy and indorsement were made by the sheriff of the
county, and not by the constable, and that  the sheriff
was not authorized to levy an execution issued by a jus-
tice of the peace.    This objection was overruled, and the
defendant duly excepted.    This execution with the in-
dorsement thereon was returned to the circuit court, and
upon motion made by the  plaintiff for  the sale of the
lands  under  the  levy, the motion was granted, and a
writ of *venditioni exponas* was issued.    Under  this writ
the sheriff sold the land involved in this controversy, and
at this sale the plaintiff became the purchaser, and re-
ceived from  said  sheriff  a  deed to said land, duly and
legally executed, and bearing date November  14, 1892.

The evidence of the  plaintiff as to the  possession by
the defendant in execution of  the lands  sued for, was
the testimony of one F. P. Randle, as a witness for the
plaintiff, who testified :    "That the parties had occupied
the premises sued for under the Randolph and Chambers
Co operative Mercantile Association of Alabama."    The
bill of exceptions then  recites :  "But the witness did
not give the terms or names of the parties so occupying,
or any contract or arrangement he or they had with said
association as to said occupancy."

The defendants offered in evidence  an original paper
writing, bearing date August 7, 1891.    This written in-
strument purported to be a deed from the Randolph and
Chambers Co-operative  Mercantile Association to W. A.
Radney and others, in which the lands sued  for  in this
action, and embraced in the sheriff's levy and deed, were
conveyed to said grantees.    This deed was signed in the
following manner :  "Given  under  our  hands and seal
this the 7th day of August, A. D. 1891,  and the  seal of
said  association, August 7, 1891.    H. M. Mickle, pres-
ident of the Randolph & Chambers Co-operative Mercan-
tile Association.    J. W. Manning, secretary of the Ran-
dolph & Chambers Mercantile Co-operative  Association.
(L. S.)"   The execution of the deed was acknowledged by
H. M. Mickle, president, and John W. Manning, secretary,

27

[Mickle *et al.* v. Montgomery.]

before a justice of the peace. The defendant objected to the introduction of said writing in evidence, on the ground that it was not the deed of the Randolph & Chambers Co-operative Mercantile Association; that it was not signed by said association; and that there was shown no authority authorizing Mickle as president and Manning as secretary, to make the deed. The court sustained the objection, refused to permit the instrument to be introduced in evidence, and to this ruling the defendants duly excepted.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the general affirmative charge in his favor. The defendants duly excepted to the giving of this charge, and also reserved an exception to the court's refusal to give the general affirmative charge in their favor, requested by them.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the court upon the evidence, and the giving of the general affirmative charge for the plaintiff, and a refusal of a similar charge in favor of the defendants.

JAMES R. DOWDELL and JAMES AIKEN, for appellants. The sheriff was not authorized to levy the execution issued by the justice of the peace in this case, upon the lands in controversy.—*Johnson v. Dismukes*, 104 Ala. 520; *Thompson v. Acree*, 69 Ala. 178.

2. In a suit in ejectment as in this case, the plaintiff must recover on the strength of his own title and not on the weakness of his adversary.—1 Brick. Dig. 630, § 76; 3 Brick. Dig. 325, § 38. In an action of ejectment based on a sheriff's deed, before the plaintiff can recover it is essential for him to show among other things that at the time of the levy of the execution, the defendant in execution had such an estate or interest in the lands levied on as was subject to levy and sale; and this must be done by showing legal title in the defendant in execution, by deed, or the possession of the defendant in execution, accompanied with acts of ownership.—*Herndon v. White*, 52 Ala. 597; *Baucum v. George*, 65 Ala. 259; *Clements v. Pearce*, 63 Ala. 284.

3. The court erred in giving the affirmative charge as asked by the plaintiff, and in refusing to give the affirmative charge as asked by the defendants in writing.—

*Tenn. C., I. & R. Co. v. Herndon,* 100 Ala. 451; *Moody v. A. G. S. R. R. Co.,* 99 Ala. 553; *Sanders v. Edmunds,* 98 Ala. 157; *Avery v. Perry Stove Manfg. Co.,* 96 Ala. 406; *Matkin v. Marx,* 96 Ala. 501; *Bromley v. Bir. Min. R. Co.,* 95 Ala. 397; *R. R. Co. v. Baker,* 94 Ala. 632; *Glass v. R. R. Co.,* 94 Ala. 581; *Seals v. Edmondson,* 73 Ala., 295; *Smoot v. M. & M.R. R. Co.,* 67 Ala. 13.

E. M. OLIVER, *contra*—The sheriff was authorized, under section 811 of the Code, to levy the execution upon the lands involved in this controversy. The broad language of that section applies to the levy on land as well as any other kind of property.—*Bain v. Mitchell,* 82 Ala. 304. 2. The deed, which was offered in evidence, which was signed by the president and secretary of the Randolph & Chambers Mercantile Association was properly excluded from the evidence. The signature of the president and secretary was not sufficient to validate the instrument; words following their names being merely *descriptio personae.*—*Taylor v. A. & M. Asso.,* 68 Ala. 229; *Jones v. Morris,* 61 Ala. 518; *Carter v. Chaudron,* 21 Ala. 72. There is no evidence in the deed, and none was offered otherwise, of any authority from the board of directors of the said corporation for executing said deed. There is no recital in the deed of such authority, and the corporate seal not being attached to the deed, such authority is not to be implied merely from the use of the corporate name after the name of the agent who assumes to sign the deed.—4 Amer. & Eng. Encyc. of Law, 239; *Goodyear R. Co. v. Scott,* 96 Ala. 439; *Standifer v. Swann,* 78 Ala. 88; *Jinwright v. Nelson,* 105 Ala. 399.

3. The fifth and sixth assignments of error raise the same question. If the plaintiff below made out a *prima facie* case, the court committed no error in giving the affirmative charge in his favor, in case there was no conflict in the evidence. Appellant's contention is that plaintiff below failed to make out a case because he did not show title in the defendant in execution. But the evidence of Randle shows possession in the defendant in execution of the premises sued for, and that it exercised acts of ownership by letting in other parties to occupy the premises. Neither appellants' statement nor the bill of exceptions purports to set out the evidence *in extenso,* but only in substance. The appellate court will construe

the bill of exceptions, and by parity of reasoning the same rule will apply to the statement filed by appellants, most strongly against appellant, and so as to affirm rather than to reverse the judgment.—*McReynolds v. Jones*, 30 Ala. 101; *Gaines v. Harvin*, 19 Ala. 491. Prior possession of land, accompanied with acts of ownership, by one from whom plaintiff deduces title, will authorize a recovery against a defendant who is afterwards found in posssession without any claim or title to the premises.—*McCall v. Pryor*, 17 Ala. 533; *Badger v. Lyon*, 7 Ala. 564; *Hendon v. White*, 52 Ala. 597. Possession of land is *prima facie* evidence of right.—*Smith v. Lorillard*, 10 Johns. 347; *McCall v. Pryor*, 17 Ala. 533.

BRICKELL, C. J.—Originally, all civil process issued by a justice of the peace, except in proceedings for the forcible entry and detainer, or the unlawful detainer of lands, could be served or executed only by a constable; the service or execution of such process, was not within the authority and duty of the sheriff. By an act approved February 26, 1875, which formed section 731 of the Code of 1876, and now forms section 811 of the present Code, it is declared: "The sheriff is authorized to execute all mesne and final process which is required of constables, and shall receive the same fees and compensation therefor, and he and the sureties on his official bond shall be liable for any abuse of process that he may execute under this section." The operation and effect of the statute is, that in the execution of all mesne and final process which constables had been required and authorized to execute, the duty and authority of the sheriff is co-extensive with that of the constable. Statutes authorizing the execution of such process may have nominated a constable only as charged with the duty. Such statutes are *in pari materia* with the succeeding statute conferring on the sheriff the duty and authority co-extensive with that which they conferred on a constable, and must be read and construed in connection. The statute authorizing the levy on lands of an execution issued by a justice of the peace, was in existence long prior to the statute authorizing the sheriff to execute mesne or final process issued by a justice. Naturally, as a constable only then had authority to levy executions issued by a justice, it designated the constable as the

officer to make the levy. But the subsequent statute intervened, and when the two are read in connection, it is obvious that while the duty and authority of the constable is not taken away, the duty and authority of the sheriff is concurrent and co-extensive. The levy and return by the sheriff of the execution was in proper form, and a legal basis for the orders of sale rendered by the circuit court.

There was no error in the exclusion of the instrument in writing, purporting to be a conveyance of the premises in controversy by the defendant in execution, the Randolph and Chambers Co-operative Mercantile Association. It was without the essentials of a conveyance to pass a legal interest in the premises.—*Taylor v. A & M. Asso.*, 68 Ala. 229; *Standifer v. Swann*, 78 Ala. 88; *Swann v. Gaston*, 87 Ala. 569.

A plaintiff in ejectment, or in the corresponding statutory real action, must recover on the strength of his own title. When he deduces title under a purchase at a sale made by a sheriff under execution, he must show that the defendant in the judgment, to whose title he succeeds, has an estate or interest in the lands which was subject to levy and sale. As he is not presumed to have access to the title papers of the defendant, there is no requirement that he should show written evidence of the title. He may recover, in the absence of evidence of an outstanding legal title, upon the same evidence, which would authorize the defendant to recover if he were suing a trespasser, or one entering under him who refused to surrender the possession.—*Badger v. Lyon*, 7 Ala. 564; *McCall v. Pryor*, 17 Ala. 533; *Hendon v. White*, 52 Ala. 597; *Pollard v. Cocke*, 19 Ala. 188.

The possession of lands is *prima facie* evidence of title, and is sufficient evidence against all who do not show a prior possession or a better title.—*McCall v. Pryor*, *supra; Smith v. Lorillard*, 10 Johns. 347; Tyler on Ejectment, 72-73, Newall on Ejectment, 433. The occupancy of the premises by parties under the defendant in execution, as evidence of title, was the possession of the defendant. If they had refused to surrender the possession, the defendant could have recovered it from them. Entering under the defendant was a recognition of the title, and a subordination of the occupancy to it. The letting of them into

occupancy, was the exercise of ownership, indicating that the defendant had the *animus dominendi*. There can be no doubt of the right of the defendant to have recovered possession from them ; nor of the right to have recovered from a mere trespasser entering or intruding upon the occupancy. This being true, in the absence of all other evidence of title, it is sufficient as evidence that the defendant had an estate or interest in the premises, the subject of levy and sale under the execution. That the names of the occupants, or the terms of the contract or agreement under which they occupied, were not shown, does not detract from the force of the fact that they entered and occupied under the defendant. If it had been supposed that a disclosure of their names and of the terms of the contract or agreement, would have impaired the force of the occupancy, or negatived the presumption arising from it, the defendant had the opportunity by cross examination to have elicited all the facts. The difficulty in the present case is, that the evidence does not show that the entry under the defendant in execution was prior to the levy under the execution, or prior to the sale. For aught that now appears, the entry was subsequent to the levy or sale. There was of consequence error in the giving of the general affirmative charge to find a verdict for the plaintiff.

Reversed and remanded.