# Higdon *v.* Kennemer.

*Action to recover the Statutory Penalty for Cutting Trees.*

1. *Action to recover penalty for cutting trees is action of debt; count in trespass can not be joined.*—An action to recover the statutory penalty for cutting trees on the lands of another without the owner's consent (Code of 1896, § 4137; Code of 1886, § 3296) being an action of debt, the complaint in such action can not be amended by adding a count for the recovery of damages for the trespass.
2. *Same; assumpsit can not be joined.*—A complaint for the recovery of the statutory penalty for cutting trees on the lands of another without the owner's consent, though in form an action of debt, is founded on a tort, and can not be joined with a count in assumpsit
3. *Same; what ownership necessary to maintain action.*—The cutting of trees from the lands of another without the owner's consent being an injury to the freehold, no higher or other evidence of ownership of the freehold is necessary to maintain an action to recover the statutory penalty for cutting such trees than would be necessary to support an action of trespass or an action of ejectment; and one who, at the time of the alleged cutting was in possession of the land upon which the trespass was committed, claiming under a conveyance purporting to pass to him a fee simple title, and who had exercised acts of possession and ownership adapted to the character and condition of the land, can maintain such action against a mere trespasser.
4. *Same; evidence of outstanding title with which defendant does not connect himself inadmissible.*—In an action brought by one holding possession of land under color of title, claiming and exercising

13

such acts of ownership and possession as the nature and condition of the land admit of, against a mere trespasser, to recover the statutory penalty for cutting trees on said land without the plaintiff's consent, the defendant can not, in order to defeat the action, set up an outstanding title in a third person, with which he does not connect himself; and evidence of such outstanding title is inadmissible.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. J. A. BILBRO.

This was an action of debt brought by the appellant, T. H. Higdon, against the appellee, J. C. Kennemer, to recover the statutory penalty for cutting trees on the lands of another without the consent of the owner.

The defendant filed a plea in answer to the complaint, in which he averred that he is not guilty of the matters alleged in the complaint. On the trial of the cause, the plaintiff, as a witness in his own behalf, testified that at the time of the cutting complained of he was in possession and claiming title to the land from which the trees were cut; that he purchased said land from one Mary J. Barnes, and has been in possession of it ever since the purchase of it in 1890. He introduced in evidence a paper in the form of a deed conveying the land to him, and purporting to be signed by Mary J. Barnes and her husband, George W. Barnes, by their marks only, and acknowledged by them before a notary public of Tennessee, whose certificate of acknowledgment was not substantially in the form prescribed by our law. This paper was dated January 14, 1890, and had a certificate of record in the office of the probate judge of the county of Jackson, State of Alabama, as of September 27, 1892. The evidence for the plaintiff tended to show that Mary J. Barnes purchased the land from which the trees were cut from one George W. Hill, the only son and heir of Bird Hill, deceased, George inheriting it from his father, and that Bird Hill had lived on the land at one time; and owned it from before the war up to the time of his death. The plaintiff introduced a duly executed and duly recorded deed from George W. Hill conveying the land to Mary J. Barnes, dated March 15, 1889. It appeared from the evidence that the trees were cut in the opening of a road over the land; that a petition for the opening of

[Higdon v. Kennemer.]

said road had been gotten up and signed, in the neigh-borhood, asking the commissioners' court to open said road, but that no action had been taken on it by the court; that in getting up this petition plaintiff had been consulted as the owner of this land, through which the road was to pass, and after stipulating, and having it in-serted in the petition, that the road should not run in a certain direction, and over certain lands, he signed the petition. It was further shown that in accordance with a previous agreement with some of the petitioners they assembled at a certain appointed time, and blazed out a line for the road to run over, and agreed that upon a designated day the party would reassemble and cut the road as thus marked. Before the day fixed by this agree-ment for the reassembling, the defendant came with another party, and against the plaintiff's objection and positive prohibition cut the road in a different direction from the one which had been previously blazed out, and it was for the cutting of the trees incident to the cutting out of this road that the present suit was brought. The defendant offered in evidence a patent from the United States government to one John Gilliam, conveying to said Gilliam the land in controversy, and dated May 1, 1848. The plaintiff moved to exclude from the jury this patent from the government to John Gilliam, upon the ground that it was illegal, irrelevant, and inadmissible evidence, and because the defendant did not seek to con-nect himself with the title in any way. and upon the further ground that the defendant entered in recognition of plaintiff's title. The court overruled this motion, al-lowed the patent to be introduced in evidence, and to this ruling of the court the plaintiff duly excepted. After the introduction of all the evidence, and upon the court's stating that he would give the general affirmative charge in favor of the defendant, the plaintiff asked leave of the court to amend his complaint by adding thereto a count in trespass in the Code form, claiming of the defendant $500 damages for cutting down the plaintiff's trees, bushes, tramping down the grass on plaintiff's land, etc. Upon the objection of the defendant to this amendment the court declined to allow the plaintiff to so amend his complaint, and to this ruling the defendant duly excepted. Thereupon the plaintiff asked leave of the court to amend

[Higdon v. Kennemer.]

his complaint by adding a count in assumpsit, claiming the value of the timber cut by the defendant, and placing the value at $100. Upon the defendant's objection to this amendment the court declined to allow the amendment to be made, and to this ruling of the court the plaintiff duly excepted. At the request of the defendant, the court gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff duly excepted. There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. E. BROWN, for appellant.—The plaintiff in the present action showed sufficient ownership to maintain the suit; and the patent from the Government offered by defendant was inadmissible in evidence—the defendant not connecting himself with such title.—*Higdon v. Kennemer,* 112 Ala. 353; *Dozier v. Joyce,* 8 Port. 315; *Laramore v. Berry,* 19 Ala. 130; *Boltz v. State,* 24 Ala. 89; *Sims v. Boynton,* 32 Ala. 361; *Wilkerson v. McDougal,* 48 Ala. 517; *Gufford v. Stearnes,* 51 Ala. 442; 2 Rapalje & Lawrence's L. Dic. 915; 2 Bouvier, 276; *Beatty v. Brown,* 76 Ala. 267; *Rogers v. Brooks,* 99 Ala. 34; *Wilson v. Glenn,* 68 Ala. 383; 3 Brick. 'Dig. 325, § 47; *Turner Coal Co. v. Glover,* 101 Ala. 447; *Allen v. Kellum,* 69 Ala. 447.

R. C. HUNT and TALLY & PROCTOR, *contra,* cited *Gravlee v. Williams,* 112 Ala. 539; *Higdon v. Kennemer,* 112 Ala. 351.

BRICKELL, C. J.—1. The proposed amendments of the complaint, were founded in a misconception of the nature and character of the action, and were properly disallowed. Though in form an action of *debt,* it is founded in fact on a tort—the trespass committed in the cutting of the trees and saplings on the land of the plaintiff. For the trespass, the statute (Code, 1886, § 3296; Code, 1896, § 4137) inflicts penalties varying in amount with the character of the tree or sapling cut or destroyed. The statute not prescribing the remedy to be pursued for the recovery of the penalties, the common law principle

applies, that when a statute gives a penalty and provides no remedy for its recovery, an action of debt is the appropriate remedy, because the sum demanded is certain and fixed.—1 Chit.Pl. 108 ; *Blackburn v. Baker*, 7 Port. 284 ; *Russell v. Irby*, 13 Ala. 131 ; 1 Brick. Dig. 526, § 19. The introduction, as was proposed, of a count for the recovery of damages for the trespass, would have been a radical departure from the cause of action stated in the original complaint, not allowable by amendment, varying the nature of the pleadings and the character of the judgment to be rendered.—1 Chit. Pl. 199-201 ; *M. & M. R. R. Co. v. McKellar*, 59 Ala. 458. In *Blackburn v. Baker*, *supra*, it was sought by an action of trespass to recover the statutory penalties, but the court held that in that form of action the plaintiff was entitled only to damages proportioned to the injury done to the lands, without regard to the value affixed to the tree by the statute. In the absence of statutes providing otherwise, the *form* of the action, rather than its subject matter, is the test of the propriety of the joinder of counts ; and when the same pleas may not be pleaded, or the judgment the law requires to be rendered on the several counts is essentially different, they cannot be joined.— *Whipple v. Fuller*, 11 Conn. 587. The count in assumpsit could not be introduced for the simple reason, that counts *ex contractu*, and counts *ex delicto* may not be joined in the same complaint.—*Copeland v. Flowers*, 21 Ala. 472.

2. The case was before the court at a former term (*Higdon v. Kennemer*, 112 Ala. 351). It was then decided that the appellant was the owner of the land from which the trees or saplings were cut, within the meaning of the statute on which the action is founded, entitled to recover the penalties it imposes. The change in the evidence, which it is insisted by the appellee, necessitates a different conclusion, is caused by the introduction of the patent for the land issued by the United States to John Gilliam on the first day of May, 1848. The admissibility of this patent, and its legal effect as matter of evidence, is the more important question now presented. The fact remains undisputed, as when the case was formerly before the court, that at the time of the trespass, the appellant was in possession of the land,

and had been from the conveyance thereof to him by Barnes and wife on the 14th January, 1890, the conveyance purporting to pass the fee simple, and that his possession and title had been recognized by the appellee. The land was not cultivated nor improved, but there was claim of title by the appellant, and there were acts of possession adapted to the character and condition of the land, and the extent of the possession was defined and marked by the conveyance from Barnes and wife, which, though it may not have been so acknowledged and certified as to be self-proving, was color of title.— *Saltmarsh v. Crommelin*, 24 Ala. 352 ; *Dillingham v. Brown*, 38 Ala. 311 ; *Farley v. Smith*, 39 Ala. 38 ; *Riggs v. Fuller*, 54 Ala. 141.

The statute on which the action is founded, as is insisted by the appellee, has been uniformly construed as intended for the protection of the freehold from spoliation or destruction, and the remedy it gives as extending to the owner of the freehold exclusively.—*Gravlee v. Williams*, 112 Ala. 539 ; *Higdon v. Kennemer, supra*, and the authorities cited. But no higher or other evidence of ownership of the freehold is necessary to support an action founded on the statute, than would be necessary to support an action of trespass, the common law remedy for the injury to the freehold, or an action of ejectment for the recovery of possession. Possession of land, however recent, is *prima facie* evidence of title, and will support an action for an injury to the freehold, or for the recovery of possession against one who does not show a better right.—*McCall v. Doe*, 17 Ala. 533 ; *Eakin v. Brewer*, 60 Ala. 579 ; *Eagle & PhoenixMan. Co. v. Gibson*, 62 Ala. 369. In Tyler on Ejectment, 70, it is said : "It is a maxim of the law that the party in possession of lands is presumed to have a valid title thereto, and this presumption can be overcome only by proving title out of such party. Indeed, it has been said that possession of real estate is *prima facie* evidence of the highest estate in the property ; that is, a seisin in fee." In *Garrett v. Lyle*, 27 Ala. 586–90, it was said by GOLDTHWAITE, J.: "We do not deny, that in equity, as well as at law, the plaintiff must recover on the strength of his own title ; but because this is the rule, it does not

[Higdon v. Kennemer.]

follow that he must show a good title against all the world. It is enough that he show a right to recover against the defendant; and there are many cases in which he has this right, although another person might recover it from him." In the more recent case, *Wilson v. Glenn*, 68 Ala. 383, the doctrine is stated: "As against a *mere trespasser*, however, a bare peaceable possession by an actual occupant, under claim of ownership, is ordinarily sufficient to authorize a recovery, and such trespasser cannot defend himself by showing an outstanding title with which he in no way connects himself." The appellee was a mere trespasser on the land—his entry upon it was in recognition of the right and title of the appellant, in expectation of procuring a license or consent from him to open the contemplated public road; and if he were permitted to justify his trespass, by setting up an outstanding title in a stranger with which he has no connection, violations of law would be encouraged, possessions rendered insecure, and vexatious litigation fostered. The objection taken to the introduction in evidence of the patent issuing to Gilliam should have been sustained. There is no aspect of the case in which it is relevant; the appellee not deducing right or title from it. It shows of itself no more than at one time, more than forty years before the entry and possession of the appellant, the legal estate resided in the patentee; but it does not neutralize the presumption that the possession of the appellant was rightful, nor prove title out of him. This consideration renders erroneous the affirmative instruction given for the defendant. We need not consider any other questions involved in the assignment of errors—they will not probably arise on another trial.

Let the judgment be reversed and the cause remanded for further proceedings in conformity to this opinion.