# Wilder *v.* Mayor and Council of Town of Decatur, *et al.*

*Injunction.*

(Decided Dec. 19, 1907.   45 So. Rep. 163.)

*Eminent Domain; Compensation; Injury; Proof.*—Evidence of the possession of complainant is prima facie evidence of title, and is sufficient as against all who do not show a prior possession or a better title, and entitled complainant to maintain a bill to enjoin the use of a branch sewer by the city and the other defendant until compensation is made for injury to complainant's private property because of the installation and management of the sewer without her consent.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H .SIMPSON.

Bill by Leila S. Wilder against the mayor and council of the city of Decatur and another. Judgment for nominal damages for plaintiff, and plaintiff appeals. Affirmed in part, and reversed in part, and remanded.

E. W. GODBEY, for appellant. Depreciation in the market value is the question to be considered.—*Commissioners v. Street*, 116 Ala. 28; 10 A. & E. Ency. of Law, 1174. The liability to disaster and the prejudice against a dangerous innovation are judicially recognized as depreciating elements of the market value of real estate according to the approved standards of value.—*Western Ry. Co. v. Lazarus*, 88 Ala. 457; *M. & O. Ry. Co. v. Hester*, 122 Ala. 241; 10 Ency. of Law, 119.

CALLAHAN & HARRIS, for appellee. The decree of the chancellor should be affirmed for three reasons. First, there is a variance in the damage alleged to have been sustained, and the proof in support thereof.—*Gilmer v.*

*Wallace,* 75 Ala. 222.   Second, appellant has failed to establish ownership in fee in the land.—*Malone v. Arands,* 116 Ala. 119; Mills Eminent Domain, 146 and 161.   Damages belong to the owner at the time of the injury and do not pass to a subsequent vendee.—*Evans v. S. & W. Ry. Co.,* 90 Ala. 59; *Miller v. Board, etc.,* 28 South. 834; 46 Vt. 670.   Third, the decree was justified by the evidence in the case.

McCLELLAN, J.—This bill was filed for the prayed purpose of enjoining the operation and use of a branch sewer by the city of Decatur and one Laude, whose saloon sewer fixtures were connected therewith, until due compensation is made for the injury to complainant's (appellant) private property consequent upon the installation and maintenance of said sewer without the consent of the owner.   The sewer is 8 inches in diameter and is laid 12 feet under the surface of the lot.   Since the "possession is prima facie evidence of title, and is sufficient evidence against all who do not show a prior possession or better title" (*Mickle v. Montgomery,* 111 Ala. 415, 20 South. 441), a rule operative to the advantage of the complainant here and since there was testimony supporting such conclusion, the only question in the cause was the amount of the damages to which complainant was entitled.   The lower court found the damages to be only nominal, and therefore awarded $1.

A most careful consideration of all the testimony noted in the cause convinces us that more than nominal damages should have been decreed to the complainant. Holding this conclusion, and conforming to the usual practice in such matters, the decree of the chancellor is affirmed in the respect that it adjudges the complainant entitled to relief, but as to the amount found as damages the decree is reversed, and the cause is rmanded, in or-

der that a reference to the register may be had to ascertain the damages accruing to complainant from the injury to her premises by the permanent installation of the branch sewer described in the bill.

Affirmed in part, reversed in part, and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.