DAVID CLAY *et al.*, appellants, *v.* JACOB BOYER, appellee.

*Appeal from Stephenson.*

In an action for cutting trees, the plaintiff must prove that he was the owner of the land on which the trespass was committed.

In an action for cutting trees, the plaintiff proved by two witnesses that the land on which the trespass was committed belonged to him.   No objection was made by the defendants to this testimony, but, after the cause had been submitted to the jury, their counsel asked the Court to instruct the jury that if the plaintiff had failed to prove by the production of paper title that he was the owner of the land on which the trees were cut, oral proof of such fact was not sufficient.   The Court refused the instruction, because parol proof had been given and not objected to :   *Held,* that the defendants, by not objecting to the introduction of the parol testimony, dispensed with the production of the higher evidence.

THIS was a suit for cutting trees, originally commenced by the appellee against the appellants, before a justice of the peace of Stephenson county, and tried before a jury, who rendered a verdict in favor of the defendants below. The plaintiff appealed to the Circuit Court.

At the April term 1849, the Hon. Benjamin R. Shelden presiding, the cause was submitted to a jury, and a verdict rendered in favor of the plaintiff in the appeal for thirty dollars, upon which there was judgment.

The bill of exceptions set forth, in general terms, the testimony given on the trial in the Circuit Court, as also the instruction asked.   The testimony was oral and showed that the land trespassed upon belonged to the plaintiff, to the introduction of which no objection was interposed.   After the cause had been submitted to the jury, the counsel for defendants asked the Court to instruct the jury that if the plaintiff had failed to prove by the production of paper title that he was the owner of the land on which the trees were cut, oral proof of such fact was not sufficient.   The Court refused to give the instruction because parol proof of such fact had been given and not objected to.

Clay *et al.* v. Boyer.

*O. Peters,* for the appellants.

1. The instruction asked for by the defendants below, ought to have been given. Though generally, in an action of trespass, it is not necessary to show paper title, and perhaps, not even in a case for the penalty under the Act against trespassers, yet the instruction was made proper in this case, by the state of the evidence and the facts proved. The evidence failed to show possession in the plaintiff. The plaintiff was willing to rest his case on parol testimony, when it was necessary for him to show that he was the owner in fee simple. *Wright* v. *Bennett,* 3 Scam. 253.

It is no answer to this to say that the defendants below let in the evidence without objection on their part; the evidence so far as it went was competent, admissible, and if it had been followed up by proof of possession, it might have been sufficient, but certainly the Court will not sustain a verdict when there is no evidence to support it, and this instruction was virtually saying to the jury that such evidence did not prove a fee simple in the land. *Jarrot* v. *Vaughn,* 2 Gilm. 138; *Pittman* v. *Gaty,* (*ante* 186); *Whitesides* v. *Divers,* 4 Scam. 336.

But whether the instruction was rightly refused or not, the Court will look into the evidence, the whole record, and see if there is anything to sustain the verdict. Like an action of ejectment, if a verdict goes for the plaintiff, where the whole evidence shows that he has wholly failed to make a title, the Court will reverse it.

There is nothing to show that there was anything malicious in the entry, or that there was anything more than a mere involuntary trespass, or acts done under a mistake of boundaries.

*E. S. Leland,* for the appellee.

The party should have objected to the parol testimony when it was offered. *Nichols* v. *Hayes,* 13 Cowen, 156. Not having done so, the objection was waived. *Waldo* v. *Russell,* 5 Missouri, 387; *Dunham* v. *Simmons,* 3 Hill's (N.

Y.) R. 609; *House* v. *Low,* 2 Johns. 378; *McKee* v. *Nelson,* 4 Cowen, 355; Phil. Ev. Cowen & Hill's Notes, 1474.

The Opinion of the Court was delivered by

Treat, C. J. The plaintiff was bound to show that he was the owner of the land on which the trespass was committed. *Wright* v. *Bennett,* 3 Scam. 258; *Whiteside* v. *Divers,* 4 do. 336; *Jarrot* v. *Vaughn,* 2 Gilm. 132. The defendants permitted him to prove it in his own way, and without objection. The bill of exceptions does not set forth the evidence in detail, but states generally, in relation to this part of the case, that two witnesses testified that the land belonged to the plaintiff. If the testimony given by them would have been competent in any state of the case to prove the ownership, then the Circuit Court committed no error either in refusing to give the instruction or grant a new trial. The question is not whether the proof was the best which the nature of the case admitted of, but whether it was relevant and tended to establish the fact of ownership.

The defendants by their silence, dispensed with the production of higher evidence, and allowed the plaintiff to prove this branch of his case by any legitimate testimony, although it might be of an inferior character. If they desired to hold the plaintiff to strict proof of title, they should have objected to the evidence when offered. By permitting it to be received they could not afterwards call upon the Court to exclude it or direct the jury to disregard it, unless it was manifestly irrelevant or incompetent. If it clearly appeared from the bill of exceptions that the testimony actually given by the witnesses was incompetent, then the allegation of ownership was not made out, and the defendants were entitled to a new trial. *Pittman* v. *Gaty,* (*ante* 186.) This, however, does not affirmatively appear. The precise character of the evidence is not given. It may have been proper. We can readily conceive how the plaintiff may have shown title to the land by the oral statements of the witnesses. Proof by them that he had the actual possession of the

premises under claim of title would authorize the presumption that he was the owner.

The witnesses may have stated from recollection the contents of documentary evidence of title. Such proof, admitted without objection, would not be improper, because in a certain contingency—the loss of the original—the recollection of witnesses might be the only evidence capable of being produced. The generality of the bill of exceptions, the phraseology of the instruction asked, and the reason assigned by the Court for refusing to give it, render it not improbable, that the testimony, though of an inferior grade, was not purely incompetent.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*