Hall et al. *v.* Lance et al.

---

ROBERT F. HALL *et al.*, Plaintiffs in Error, *v.* JOHN LANCE, and JOHN HARRIS, Defendants in Error.

ERROR TO FULTON.

A mortgage after condition broken, is not an absolute outstanding title of which a stranger can take advantage so as to defeat a recovery in ejectment by the mortgagor, or one claiming under him. It is available for the mortgagee or his tenant, but not for the tenant of the mortgagor.

Hall et al. *v.* Lance et al.

Whether a judgment of foreclosure on *scire facias* would constitute a defense, depends on the fact whether the record of the mortgage is older than the judgment under which a plaintiff claims title.

A judgment of foreclosure on a *scire facias* is not sufficient without other evidence, to constitute a defense in such a case.

This was an ejectment commenced in the Fulton Circuit Court by the plaintiffs in error against the defendant, John Lance, for south-west seventeen, six north, one east, fourth P. M. The declaration was filed, the rule to plead entered, and the general issue pleaded by Lance at the June term, 1859.

The court was moved for leave to make John Harris, Jr., a party defendant, because said Harris held a mortgage for $1,500 upon the premises sued for, executed 28th June, 1856, by Charles Howard, then the owner in fee of said premises, and in possession thereof, which mortgage was recorded the 30th June, 1856, in the county of Fulton; that the mortgage, and note it was given to secure, remaining unpaid, and having become due, Harris foreclosed the mortgage February term, 1858, of the Fulton Circuit Court, and the premises were sold pursuant to order of court by the sheriff of Fulton county, and bid in by said Harris for $1,545.43, upon which sale said Harris got a deed from said sheriff on the 28th September, 1859, at about which time Howard surrendered possession of the premises to said Harris, who ever since has remained in such possession under all the title possessed by said Howard; and that John Lance, the defendant, was, according to deponent's information and belief, tenant of said Howard before and at the time of the commencement of this suit.

To the allowance of this motion the plaintiffs objected, but the court overruled the objection and sustained the motion, and admitted said Harris to defend as a co-defendant on admitting possession and service of the declaration.

The trial was had at the September term, 1860, before BAILEY, Judge, and a jury. On the trial the defendants admitted that Charles Howard was seized in fee of the premises by title derived from the United States; and the plaintiffs proved on their part a valid judgment rendered by the Circuit Court of Fulton county, Illinois, on the 1st day of June, 1857, in favor of plaintiffs and against the said Charles Howard, for $1,130.47 and costs, and an execution issued thereon, June 27th, 1857, to the sheriff of Fulton county, received by him on the day of its date, and a levy on the premises described in the declaration as the property of Charles Howard, on August 3, 1857, together with a return on said execution, showing a sale of the premises so levied upon on the 23rd December, 1857, for $130, and also a deed executed by the sheriff of Fulton county to plaintiffs,

dated 30th March, 1859, conveying the premises aforesaid, and founded on said judgment, execution, levy and sale. The plain tiff further proved that the defendant Lance was in possession of the premises described in the declaration, at the time the declaration was served, by residence and occupation, and that when the declaration was served, the defendant Lance admitted to the officer who made the service that he was a tenant of said Charles Howard.

The defendants, on their part, offered in evidence a mortgage dated June 28, 1856, from Charles Howard and wife to John Harris, Jr., in consideration of $1,500, upon the premises described in the declaration, conditioned that if the party of the first part should pay his note bearing even.date with the mortgage, given to said Harris for . $1,500, becoming due eighteen months after date, then the mortgage to be void. The defendant offered in connection with said mortgage a certificate of acknowledgment and a certificate of record appended to the same. The plaintiffs objected to the reception of evidence of said mortgage and certificates, but the court overruled the objections and allowed the same to be read in evidence.

The defendants then offered in evidence a judgment, rendered by the Fulton Circuit Court at the February term, 1858, against Charles Howard and Susan Howard, as follows:

" John Harris, Jr., *vs.* Charles Howard and Susan Howard. Foreclosure by *scire facias*. This day this cause coming on for hearing, and the plaintiff· appearing herein by his attorney, and the defendants having been legally served with *scire facias* as by the statute in such case made and provided, to appear and show cause if any they have why judgment should not be ren- dered against them for such sum of money as may be due on a certain mortgage and note in the said *scire facias* mentioned, and the said defendants having been three times solemnly called, came not, but made default—it is considered by the court, that the said plaintiff have and recover of and from the said defend- ants the amount of damages due on a certain note accompanying said mortgage mentioned in said *scire facias*. And because the amount is unknown to the court, it is ordered by the court that the clerk assess the same; whereupon the clerk reported and assessed the same at the sum of fifteen hundred and fifteen dol- lars and twenty-five cents; which report is accepted by the court. It is thereupon ordered by the court, that the plaintiff have and recover of and from the said ɡdefendants the aforesaid sum of fifteen hundred and fifteen dollars and twenty-five cents, for his damages, together with his costs in this behalf expended. And it is further ordered by the court, that special execution issue therefor against the real estate mentioned in the said mortgage,

to wit, the south-west quarter of section seventeen, in township six north, of range one east, in the county of Fulton and State of Illinois."

To which the plaintiffs objected, but the court overruled the objection and permitted the same to be read in evidence.

The defendants then offered and read in evidence an execution, return, and sheriff's deed to John Harris, Jr., based upon the said judgment, all covering the premises in controversy.

This was all the evidence in the case.

The plaintiffs then prayed the following among other instructions to the jury:

" 2. The jury are instructed that the plaintiffs have proved by the evidence that Charles Howard was seized in fee simple of the premises, and a valid judgment, execution and sale thereunder to the plaintiffs of the title of Howard, and a sheriff's deed founded on such sale to the plaintiffs ; and if the jury believe, from the evidence, that the defendant Lance was in possession of the premises at the time of the commencement of the suit, that makes out a *prima facie* right in the plaintiffs to recover against the defendant Lance."

But the court refused to give the same as asked, but modified and gave the same by adding the words, " unless they believe from the evidence that Lance was in as the tenant of Howard."

And the court gave the following instruction to the jury, on the prayer of defendants:

" The court instructs the jury that if they believe, from the evidence in the case, that Charles Howard, the common source of the title, executed the mortgage which is in evidence to John Harris, Jr., upon the premises in question, and that said mortgage was duly recorded upon the land records of Fulton county prior to the rendition of the judgment offered in evidence by the plaintiffs, that then the plaintiffs cannot recover in this suit, if they believe that Lance was the tenant of Howard."

To the giving of which, the plaintiffs excepted.

The jury found a verdict that the defendants were " not guilty of withholding the premises," etc.

The plaintiffs moved for a new trial, which the court overruled, and plaintiffs excepted.

The court then rendered judgment upon the verdict against the plaintiffs in favor of the defendants for costs.

The plaintiffs bring this case to this court by writ of error, and make the following assignment of errors:

1st. The court below erred in admitting John Harris, Jr., to defend.

2nd. The court below erred in permitting evidence to go to the jury on behalf of defendant Harris.

Hall et al. *v.* Lance et al.

3rd. The Circuit Court erred in admitting improper evidence on the part of the defendants below.

4th. The court below erred in refusing proper instructions asked by the plaintiffs.

5th. The court below erred in modifying instructions asked by the plaintiffs, and in giving the same as modified.

6th. The Circuit Court erred in giving to the jury improper instructions on behalf of the defendants.

7th. The verdict was against the law and the evidence.

8th. The Circuit Court erred in overruling the motion for a new trial, and in rendering judgment against the plaintiffs below.

GOUDY, JUDD & BOYD, for Plaintiffs in Error.

M. S. KIMBALL, for Defendants in Error.

CATON, C. J. A mortgage, even after condition broken, is not an absolute outstanding title of which a stranger can take advantage, and defeat a recovery in ejectment by the mortgagor or one claiming under him. It is available for the mortgagee or his tenant, but not for the tenant of the mortgagor. It may be that the defendant might have shown that he had attorned to the mortgagee, of the condition broken, and thus defended his possession under the mortgage ; but of this the record affords no proof. The defense then must rest entirely on the judgment of foreclosure.

Whether that judgment would constitute a defense must depend entirely on the fact whether the record of the mortgage on which the judgment was rendered, was older than the judgment under which the plaintiff claimed title. This the record fails to disclose. There is nothing to show that the *scire facias* was brought on the record of the mortgage produced on trial. For aught that appeared, the foreclosure may have been of a junior mortgage, subsequent to the judgment under which the plaintiff claimed. The judgment, then, of foreclosure on the *scire facias* was not sufficient to constitute a defense to the plaintiff's title.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*