# JOHN FETROW

## v.

## REUBEN H. MERRIWETHER.

53   275
137   655

1. MORTGAGE—*of the condition—when broken.*   Where a mortgage is given on lands, to secure the payment of certain promissory notes, conditioned, " that if any of the notes prove to be insolvent or worthless, the mortgage is to be good and valid, otherwise to be null and void," to constitute a breach of the condition, the notes, or some of them, must prove worthless.   The mere non-payment of the notes does not constitute a breach.

2. MORTGAGEE IN POSSESSION—*of his defense in ejectment.*   So in an action of ejectment by the grantee of the mortgagor, against a grantee of the mortgagee in possession, where the defendant relies upon the mortgage, with such a condition, to protect his possession, to make his defense availing he must show that the makers of the notes are insolvent, or the notes worthless, as otherwise the condition would not be broken.

3. CONSIDERATION—*not essential to support a deed.*   By a properly drawn deed, the title of the grantor of lands, whatever it may be, passes to the grantee, without reference to the consideration paid ; and it is not a matter which concerns third persons, whether there was a full consideration paid or not, so long as it is not in fraud of their rights.

4. SAME—*want of consideration in a deed by a mortgagor—rights of the mortgagee.*   And it in no wise concerns a mortgagee, that the mortgagor has subsequently conveyed the equity of redemption to a third person for a full consideration, or has conveyed it gratuitously, or for the purpose of hindering and delaying his creditors, as the conveyance of the equity of redemption could not, in the least, prejudice, hinder or delay him in a foreclosure.

5. FRAUDULENT CONVEYANCE—*who may question it—as between a mortgagee and mortgagor.*   So where a party, deriving title to land by deed from the grantee of the mortgagor, brought an action of ejectment against a person holding as assignee of the mortgagee, it was *held,* the defendant had no right to show that the subsequent conveyance by the mortgagor was fraudulent, for even if the conveyance by the mortgagor was fraudulent, and should be so declared, the equity of redemption would remain in the mortgagor, and could not enure to the defendant.

6. ESTOPPEL—*where a party alleges a person has no title—and afterward claims under him..*   And in such case, the fact that the plaintiff had, previous to his purchase, declared that his grantor had no title, would not estop him from asserting his title unless it appeared the defendant had acted upon the declaration, so as in some manner to change his liabilities or rights.

7. CHAMPERTY. There is no law in this State to prevent persons from purchasing claims or titles on speculation, or for the purpose of prosecuting them in the courts.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

This was an action of ejectment, brought by Reuben H. Merriwether against John Fetrow, to recover a certain eighty acre tract of land. The plaintiff, on the trial, deduced title to the land from the general government to himself, and on his chain of title no question is raised. The defendant, to defeat a recovery, attempted to set up a paramount outstanding title. He first introduced a mortgage on the land from E. M. Thorpe, through whom the plaintiff derived title, to J. Park, to secure the payment of certain promissory notes. This mortgage contained this condition: "That if any of the notes prove to be insolvent or worthless, the mortgage is to be good and valid, otherwise to be null and void." The defendant contended there was a breach of condition in this mortgage, and hence he had the right to enter and hold the premises, by virtue of the conveyance from Park, through whom he claims. It appears that subsequent to the execution of the mortgage from Thorpe to Park, Thorpe conveyed twenty acres of the land in question to Benjamin Balliett, and the remainder to Amanda Day, Balliett and Day afterward conveying by quit claim deed, to the plaintiff. The defendant claimed that the deeds from Thorpe to Balliett and Day, were both in fraud of Thorpe's creditors; that the plaintiff was not a purchaser in good faith, but had notice of all the rights of the defendant, who was in possession, and putting valuable improvements on the land, and had been doing so for three years; that the plaintiff had told Balliett, two years before purchasing from him, that his, Balliett's, title was of no account, and that the plaintiff had paid to Balliett and Day a mere nominal consideration for the land. The plaintiff testified he did not pay Balliett anything for his interest in

the land, but agreed with him to prosecute the suit, and if he gained it, Balliett was to have ten acres of the land—if the suit was lost, nothing; and that he paid Mrs. Day ten dollars for her deed, and was not to pay any more. By consent, the cause was tried by the court without the intervention of a jury, and judgment entered for the plaintiff; and to reverse this judgment, the defendant appealed.

Messrs. MALONE & IRWIN, for the appellant.

Messrs. EMERSON, SMITH & EMERSON, and Messrs. NELSON, ROBY & PEDDECORD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought in the court below by appellee, for the recovery of eighty acres of land from appellant. Appellee, on the trial below, deduced title to the land from the general government to himself, and on his chain of title no question is raised. Appellant, to defeat a recovery, attempted to set up a paramount outstanding title. He first introduced a mortgage on the land from E. M. Thorpe, through whom appellee derives title, to J. Park, for sixteen hundred dollars. This mortgage contained this condition: "If any of the following promissory notes prove to be insolvent: One promissory note, executed by Alexander Rose on the thirtieth day of March, 1857, to E. M. Thorpe, for the sum of eight hundred dollars, due on or before the fifth of January, 1858; one promissory note, executed by Willis S. Oglesby and Thomas L. Smoat to Francis A. Search, on the first day of January, 1857, and due on or before the first day of January, 1858, and endorsed by said Search to said Thorpe; and one promissory note, executed on the twenty-third day of October, 1856, by George Houseman and Humphrey Houseman to Francis A. Search, for the sum of one hundred and sixty-five dollars, due one year after date; and one promissory note, this day executed by the said

Thorpe to the said John Park, for the sum of two hundred and ninety-five dollars and forty cents, due twenty-fifth December, 1857. Now, if any of the above mentioned promissory notes prove to be insolvent or worthless, this mortgage to be good and valid, otherwise to be null and void."

It is contended that there was a breach of condition in this mortgage, and hence appellant had the right to enter and hold the premises, by virtue of the conveyance from Park, through whom appellant claims. We fail to perceive any evidence of a breach of condition. A breach could only occur by the notes, or some one of them, proving to be worthless; and where is the evidence that they did? It does not appear that the makers were prosecuted to insolvency, or that a suit even was ever brought against them, or any one of them. For aught that appears, the notes may have all been paid in full at maturity. This condition is not that it should be broken if the notes were not paid when due, but when the makers proved to be insolvent or worthless. To establish a breach, it should have been proven that the makers were insolvent, or that the notes were worthless. This was not done, and hence the mortgage cannot be used to defend the possession. As the condition of this mortgage was not shown to have been broken, the case of *Hall* v. *Lance*, 25 Ill. 277, does not apply, and hence can not control this case.

Appellant also offered and read in evidence a tax deed and conveyances thereunder as title. But inasmuch as appellant has failed to present the evidence on that branch of the case in his abstract, and as no point is made on it in his argument, we understand him as abandoning that part of his case. We suppose if it was relied upon, he would have presented the facts upon which to raise the question, in his abstract. We therefore pass over the question whether the tax deed presents evidence of title to defeat a recovery.

We do not see how the sale or transfer by Balliett to appellee, for a nominal consideration, could in the slightest degree affect the title held by the former. By a properly drawn deed,

the title, whatever it might be, would pass to the grantee, without reference to the consideration paid. It is not a matter which concerns third persons, whether there was a full consideration paid or not, so long as it is not in fraud of their rights. And we are unable to perceive in what respect appellant's rights could be affected. He held as assignee of the mortgagee, and it in no wise concerns him whether the mortgagor held the equity of redemption, or has transferred it to another for a full consideration, or has transferred it gratuitously. If the mortgage debt is not paid, and he holds as assignee of the mortgagee, he can foreclose and sell the land. If it has been paid, then he has no interest in the land, and it could in no manner affect his rights. He but purchased the right to hold a lien on the land until he was paid the mortgage debt. This, at the most, was the extent of his claim. Then how did it affect his rights, even if Thorpe did convey the equity of redemption to hinder and delay his creditors, or appellee is to get half of what he recovers? The conveyance of the equity of redemption did not, and could not in the least, prejudice, hinder or delay him in a foreclosure.

But even if the conveyance by Thorpe was fraudulent, and should be so declared, it would leave the equity of redemption in Thorpe, and it could not enure to appellant. Nor could it, in the slightest degree, affect the title by showing that appellee had, before purchasing, said that Balliett's title was worthless. It was but his opinion, expressed, perhaps, to enable him to acquire it on better terms than he otherwise could. But whether he did or not, it does not appear that appellant acted upon the declaration so as in any manner to change his liabilities or rights, and if not, he has no right to complain or insist that appellee is estopped from asserting that title.

In this State, there is no law to prevent persons from purchasing claims or titles on speculation, or for the purpose of prosecuting them in the courts. Whether the law is for the best public interest which permits such claims to be transferred or prosecuted, is for the determination of the legislative branch

of the government, and when they become satisfied that such a practice is pernicious, they will doubtless apply the corrective. The judgment of the court below must be affirmed.

*Judgment affirmed.*