Abney v. Austin.

JAMES C. ALLEN, Judge, presiding. Opinion filed April 2, 1880.

Messrs. BELL & GREEN and Mr. R. S. CANBY, for plaintiff in error.

Messrs. WILSON & HUTCHINSON, for defendant in error.

Reversed and remanded.

## JESSE ABNEY ET AL.

v.

## WESLEY M. AUSTIN.

1. ACTION FOR CUTTING TIMBER—TITLE—POSSESSION.—To maintain an action under the statute prohibiting the cutting of timber on the lands of another, the plaintiff must aver and prove that he was the owner of the land in fee simple. Proof of actual possession by a person claiming title in fee simple is presumptive evidence of title in him, and is sufficient to cast the burden of contesting the title upon the defendant.

2. TITLE UNDER A MORTGAGE.—A mortgage, even after condition broken, is not such an outstanding title as that a stranger can use it to defeat an action of this character.

3. LICENSE—WANT OF MUST BE PLEADED.—The want of license to enter and cut timber in this action must be averred in the declaration and proved by the plaintiff upon the trial.

4. INSTRUCTIONS.—Where the principle of law stated in one instruction is substantially contained in another instruction of the same series which was · given, no error can be assigned for refusing to give the first instruction.

APPEAL from the Circuit Court of Saline county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed April 2, 1880.

Mr. H. H. HARRIS, for appellants; that none but the owner in fee can maintain this action, cited Jarrot v. Vaughn, 2 Gilm. 132; Whiteside v. Divers, 4 Scam. 336.

The grantee in a mortgage is the owner of the legal fee: Chiniquy v. Catholic Bishop, 41 Ill. 148; Oldham v. Pilleger, 84 Ill. 102; Johnson v. Watson, 87 Ill. 535; Reece v. Allen, 5 Gilm. 236; Clark v. Manning, 4 Bradwell, 649.

This is a penal action, and the plaintiff must clearly show himself entitled to recover: Troy v. Reilley, 3 Scam. 19.

Want of license must be shown by the plaintiff: Whitecroft v. Vandener, 12 Ill. 238.

The statute gives the penalty against the actual trespasser only: Cushing v. Dill, 2 Scam. 460.

Possession if relied upon as title, must be actual: Webb v. Sturdevant, 1 Scam. 181; Ill. Mut. F. Ins. Co. v. Marseilles Mf'g. Co. 1 Gilm. 236; St. L. V. & T. H. R. R. Co. v. Town of Summit, 3 Bradwell, 155.

No sufficient foundation was laid, for the admission of secondary evidence of the deed offered: Fabbri v. Cunio, 1 Bradwell, 240.

Where production of a deed from one to another does not prove title: Doty v. Burdick, 83 Ill. 473.

Messrs. GREGG & PARRISH and Messrs. TANNER & WILBANKS, for appellee; in support of the instructions given, cited Graves v. Bruen, 11 Ill. 431; Greenleaf's Ev. § 78; Mason v. Park, 3 Scam. 532; Davis v. Easley, 13 Ill. 192.

A deed intended as security is considered a mortgage: Ferguson v. Miller, 4 Cal. 97; Cameron v. MacKnab, 48 Ala. 99; Hoffman v. Mackal, 5 Ohio, 124.

As to third persons, the fee is not in the mortgagee: Oldham v. Pilliger, 84 Ill. 10; Fitch v. Pinckard, 4 Scam. 69; Hall v. Lance, 25 Ill. 277; Earl v. Hall, 2 Met. 356; Hilliard on Mortgages, 159.

WALL, J. This was an action of debt for cutting timber, brought by appellee against the appellants in the Circuit Court of Saline county. The plaintiff below recovered the

Abney v. Austin.

sum of $816, and defendants below bring the record here
by appeal, and assign various errors.   We will consider those
which we regard as most important.   On the trial, the plain-
tiff, to show title in fee simple, proved or offered evidence tend-
ing to prove, that he had been in possession for some time  under
a deed made to him by one Henson, purporting to convey  the
fee simple to him.   The defendants offered to prove that some
time after thus acquiring the title of Henson, the plaintiff had
executed a deed of trust to one A. J. Weber, to secure the pay-
ment of a note therein described, given by the  plaintiff, and
payable to one Henry Weber; and offered to show a deed made
by the trustee to one of the defendants pursuant to the power
granted in the deed of trust, which deed by the trustee was
executed subsequent to the commencement of the suit.   The
deed of trust and the trustee's deed were excluded by the court.
The defendant also offered a book called the Swamp Land
Book, being one of the records of the office of the county clerk,
in which book was an entry showing or reciting that the land
had been sold to one Stricklin by the county as swamp land.
Defendants  also offered  a mortgage from  Stricklin to  the
Drainage Commissioners.   The sale to Stricklin was in April,
1854.   The deed from Henson to the plaintiff was made in
January, 1873.   The land in question had been in possession of
Stricklin and  his tenant for  a considerable period  before  the
plaintiff purchased of Henson, but  this possession of Stricklin
had entirely ceased before  plaintiff received  the deed  from
Henson, and from  that time forward the plaintiff was in
possession, claiming  to be the owner, cutting  timber  for
his own use and selling to others, and was the recog-
nized undisputed possessor and owner.   The statute under
which this suit was brought has long been in force.   It pro-
vides a penalty of so much per tree against any person who
shall cut, etc., any tree growing upon the land of another, with-
out having first obtained permission so to do from the owner of
the land, the penalty to be recovered by an action of debt in
the name of the owner, or by action *qui tam*, by any person
who will first sue for the same, one half to go to the owner,
and one half to the informer.   To maintain a suit under this

statute, the plaintiff must aver and prove that he was the owner of the land in fee simple. Wright v. Bennett, 3 Scam. 258; Jarrot v. Vaughn, 2 Gilm. 132. The appellants insist that there was no proof in the case sufficient to establish such a title in the plaintiff. In the case of Mason v. Parke, 3 Scam. 532, which was an action of this sort, it was said by the court that proof of actual possession by a person claiming title in fee simple, is presumptive evidence of title in him to that extent; and that in actions of ejectment and for injuries to the inheritance, including the action at bar, such proof is sufficient to throw upon the party contesting the title, the burden of rebutting the presumption thus raised. See, also, the case of Clay v. Boyer, 5 Gil. 506; Reicord v. Williams, 7 Wheat. 59; 2 Greenleaf on Evidence, § 309; Adams on Ejectment, Chap. 3, and notes.

Considering the evidence in the light of this unquestioned rule of law, we think the plaintiff made out a sufficient title *prima facie.* But it is contended by the appellants that the deed of trust raised an outstanding title which would prevent the plaintiff from recovering. It is well-settled doctrine that a mortgage, even after condition broken, is not such an outstanding title as that a stranger can use it to defeat an action of ejectment by the mortgagor. The fee is in the mortgagee for all purposes necessary to the security of the debt; but in other respects, as to strangers, the mortgage is regarded merely as a pledge. A stranger cannot show it for the purpose of preventing a recovery by the mortgagor, even in a case where the the title is directly in question. Hale v. Lance, 25 Ill. 277; Oldham v. Pilleger, 84 Ill. 102; Earl v. Hale, 2 Metc. 356; 1 Hilliard on Mortgages, 159.

The deed of trust in this case was made, as before stated, to A. J. Webber for the purpose of securing a note given by the plaintiff to H. Webber, and contained the usual power of sale in case of default; the proceeds to be applied to the payment of the amount due on the note, and the necessary expenses of the proceedings; the balance, if any, to be paid over to the grantor, to whom was reserved the right to use and enjoy the land, and the rents, issues and profits thereof until default.

This was, in effect, a mortgage, which may be defined as "a conveyance of an estate by way of pledge for the security of a debt, and to become void on payment of it;" or as "a conditional conveyance of land designed as a security for the payment of money or the fulfillment of some contract, or the performance of some other act, and to be void on such payment or performance." 1 Hilliard on Mortgages, § 2.

The title of the mortgagee is a lien and something more—it is a trust estate. When the debt is discharged there is a resulting trust for the mortgagor. If the conveyance is made as collateral security for the payment of money, and is to be effectual only upon non-payment, it is a mortgage, no matter to whom the conveyance is made, whether to the creditor direct or to a third person as trustee for the debtor and creditor. The difference between such an instrument and a conveyance for the purpose of raising a fund to pay debts, is apparent. In the latter case the title is vested absolutely in the grantee for the purpose of the trust. The intention of the grantor is to part with his title absolutely, as in the case of Reece v. Allen, 5 Gil. 236. In the former case, if the grantor perform his legal obligation he retains his property. The one is absolute, the other conditional. The one is a deed of trust, strictly speaking; the other is but a mortgage.

In the case of Woodruff v. Robb, 19 Ohio, 212, this subject was ably considered, and an instrument similar to this was held a mortgage. See, also, Hoffman v. Markale, 5 Ohio St. 124; State for use, etc. v. Lawson, 1 Eng. (Ark.) 269; Powell on Mortgages, 9, 10; 4 Kent's Com. 147. There was then no error in excluding this instrument, as it did not establish an outstanding title, and tended neither to prove, nor disprove any point in issue before the jury.

The appellants assign as error that the court refused to give certain instructions asked by them. The first, second and fourth of the series were properly refused, because they are based upon the assumption that Stricklin patented the land, when there is no proof whatever to that effect. The third instruction is substantially given in the sixth and seventh, and therefore no error can be assigned upon its refusal.

At the instance of the plaintiff below, the court gave the following instruction to the jury: "The court instructs you that upon the question or issue whether or not the plaintiff had given the defendant a license to enter upon the premises and cut the timber, the defendant holds the affirmative, and unless he has proven a license by a preponderance of the evidence, then the defense of license is not sustained."

The statute, which is the foundation of the action, makes the want of permission by the owner a necessary ingredient of the offense for which the penalty is provided. This want of license must be averred in the declaration, and must be proven by the plaintiff, to entitle him to a verdict. Whitecraft v. Vandener, 12 Ill. 235. While it is the general rule that the burden of proof is on the party holding the affirmative, there are some exceptions in which the proposition, though negative in its terms, must be proven by the party who states it, as in malicious prosecution, where the plaintiff must by some affirmative proof make out the want of probable cause, though the proposition is of a negative character. The rule is thus laid down in Greenleaf on Evidence, Vol. 1, § 78, and the author applies it to cases of prosecution for penalties for coursing deer in inclosed grounds, not having the consent of the owner; for cutting trees on lands not the party's own; and for selling, as a peddler, goods not of the produce or manufacture of the country. He adds: " In these and the like cases, plenary proof on the part of the affirmant can hardly be expected, and therefore it is sufficient if he offer such evidence as in the absence of counter testimony would afford ground for presuming the allegation is true. It is not like the case where the subject matter of the negative averment is *peculiarly within the knowledge* of the other party, as in civil and criminal prosecutions for doing acts which the statutes permit to be done by those only who have licenses as for selling liquor; exercising a trade or profession, and the like. In such cases the averment of a want of license is taken to be true, unless disproved by the party so having such peculiar knowledge of the fact. Ibid. § 79. In the case at bar it was incumbent on the plaintiff to aver and prove that the trees were cut "without having first obtained permission

so to do from the owner of the land," and though this is the aver-ment of a negative, the *onus* is on the plaintiff. This instruc-tion advised the jury that if the defendant took issue upon this averment, he was bound to show license by the preponderance of the evidence. It was therefore erroneous, and it doubtless affected the jury and influenced them in arriving at their ver-dict. The judgment must be reversed and the cause remanded.

Reversed.