# Higdon v. Kennemer.

*Action to recover Statutory Penalty for Cutting Trees.*

1. *Action to recover penalty for cutting trees; defective deed admissible in evidence to show claim of right or color of title.*—In an action under the statute (Code of 1886, § 3296), to recover the penalty therein provided for cutting trees on the land of another without the owner's consent, on the question as to the plaintiff's ownership of the land whereon the cutting was done, a deed to plaintiff, though defective, purporting to convey the land from one who is shown to have had title thereto, is admissible in evidence to show claim of right and color of title in plaintiff.

2. *Illegal evidence; considered when admitted without objection.*—Parties may try their cases on illegal evidence, if they choose to do so; and when in the trial of a cause, incompetent and indamissible evidence, bearing upon a material issue, is introduced without objection, such evidence will be considered by this court in reviewing the trial court's finding upon the question to which it related.

3. *Action to recover statutory penalty for cutting trees; when plaintiff's right of recovery shown; facts of this case.*—In an action to recover the statutory penalty for cutting trees on the land of another without his consent (Code of 1886, § 3296), where plaintiff introduced in evidence a deed to the land from his grantor, which was defectively acknowledged, and testified without objection that one H. was the original owner of said land, which at his death descended to his only son and heir, who thereafter regularly conveyed to plaintiff's grantor, and that ever since he purchased and paid for the land, he, plaintiff, had continued in possession, and, at the time of the cutting complained of, was actually on the land, asserting his ownership and possession, which was fully recognized but not respected by defendant, plaintiff's ownership of such land is sufficiently shown to enable him to maintain his action; and such evidence casts upon the defendant the burden of disproving plaintiff's ownership thus established.

APPEAL from the City Court of Bridgeport.
Tried before the Hon. WILLIAM L. STEPHENS.

. The facts of the case are sufficiently stated in the opinion.

MARTIN & BOULDIN, for appellants.—The deed having been admitted without objection at the time, the motion to exclude, made after the evidence had closed, came too late.—*Ladd v. Smith*, 10 So. Rep. 836; *Stovall v. Fowler*, 72 Ala. 77; *Torrey v. Forbes*, 94 Ala. 135; *Black v. T. C., I. & R. R. Co.*, 93 Ala. 109; *Cooper v. Watson*, 73 Ala. 252; *Riggs v. Fuller*, 54 Ala. 141.

The entire testimony proves clearly and beyond controversy that plaintiff was the owner of the land on which the trees were cut, and that the defendant willfully and knowingly and without the consent of the plaintiff, cut fifty-two oak, hickory and pine trees thereon. These are the essential elements of a right of recovery under the statute.—Code of 1886, § 3296; *Rogers v. Brooks*, 99 Ala. 31; *Turner Coal Co. v. Glover*, 101 Ala. 289. The title of his vendor being clearly shown, plaintiff acquired at least a perfect equity by his purchase—a title subject to levy and sale under execution—

[Higdon v. Kennemer.]

and his possession is co-extensive with the tract.—*Normant v. Eureka Co.*, 98 Ala. 181; Code of 1886, § 2892, subd. 1; § 1732, subd. 5.

That the testimony in this record would authorize the general charge for the plaintiff if the action was ejectment, seems clear from the authorities:—*Cogsbill v. M. & G. R. R. Co.*, 92 Ala. 252; *Torrey v. Forbes*, 94 Ala. 135; *Black v. T. C., I. & R. R. Co.*, 93 Ala. 109; *Cooper v. Watson*, 73 Ala. 252; *Riggs v. Fuller*, 54 Ala. 141; *Alexander v. Savage*, 90 Ala. 383. It would be an anomoly in the law to require a stronger state of facts to protect a party in the possession of land, than to put him in possession in the first instance.

R. C. HUNT, *contra.*—The term "owner" in the statute means a person who has an estate in fee simple.—*Wright v. Bennett*, 3 Scam. 258; *Allison v. Little*, 93 Ala. 150; *Turner Coal Co. v. Glover*, 101 Ala. 289. The right of action to recover the statutory penalty for cutting trees, is given not to the party in possession, but to the owner of the land. Illegal evidence should be excluded on motion at any stage of the proceedings.—1 Brick. Dig., 887.

McCLELLAN, J.—This is an action in debt by Higdon against Kennemer to recover the statutory penalty for cutting trees on the land of another without the consent of the owner.—Code of 1886, § 3296. The trial was had by the judge of the city court without jury; and he found for the defendant, and judgment was entered accordingly.

There was some evidence tending to show that at one time the plaintiff consented to the cutting of the trees; but on the occasion when they were cut he was present and expressly forbade the defendant to cut them. The original consent having, on the facts in evidence, no element of contract, and nothing by way of estoppel on him to withdraw it being involved in the case, we do not doubt that he could and did efficaciously withdraw such original consent, if indeed he gave it, which is not clear. That he peremptorily forbade the cutting immediately before it was done is shown by uncontroverted evidence. That certain trees, those described in the complaint, were then cut and felled by the defendant on

the land alleged in the complaint to belong to the plaintiff, is also clearly shown by unconflicting evidence. Thus the case was made out beyond peradventure, except as to the plaintiff's ownership of the land; and it must have been upon this inquiry that the judge below found for the defendant. The evidence on this issue was likewise free from conflict; and the city judge had, and we, in reviewing his conclusion, have for consideration only a question of law: whether the plaintiff on the established facts was the owner of the land within the meaning of the statute prescribing the penalty here sued for. Among these facts we are to include, of course, any that were improperly excluded from consideration on the trial below.

The only evidence on this question of ownership was that offered by the plaintiff. He was permitted to testify without objection as follows: "I bought this land from Mary J. Barnes and paid her for it, and have been in possession of it since 1890. Mary J. Barnes got said land from Geo. W. Hill, son and only heir of Byrd Hill, deceased. George inherited it from his father. Byrd Hill lived on the land at one time, and owned it since before the war, up to his death." On cross examination he testified that said "land was unimproved; that he did not live on it; that it was not inclosed, but he considered it in his possession." Plaintiff put in evidence a paper in the form of a deed conveying the land to him and purporting to be signed by Mary J. Barnes and her husband, Geo. W. Barnes, by their marks only, and acknowledged by them before a notary public of Tennessee, whose certificate of acknowledgement, however, was not substantially in the form prescribed by our laws. This paper was dated January 14, 1890, and bore a certificate of record in the office of the probate judge of the county as of September 27, 1892. At the close of the evidence it was, on defendant's motion, excluded on the ground of insufficient acknowledgement. Plaintiff also introduced a duly executed and recorded deed from Geo. W. Hill conveying this land to Mary J. Barnes, dated March 15, 1889. It appears incidentally in the case that the trees were cut in opening a road over the land; that the petition had been gotten up and signed in the neighborhood asking the commissioners' court to open this road, but no action had been taken on it by the

[Higdon v. Kennemer.]

court if, indeed, it had ever been presented ; and that in getting up this petition the plaintiff had been consulted as the owner of this land through which the road was to pass, and after stipulating and having it inserted in the petition that the road should not run through or interfere with a mill site on the land—stating that he intended to put a mill there—he signed the petition. This paper did not specify the line of the road further than that it was to run in a north-easterly direction from a given point on this land. The petitioners were to assemble here at a certain time and cut out the road so as to have it ready for the viewers when appointed by the court. Only a few of them met at the appointed time, and they concluded to blaze out the line of the road, and set another day for felling the timber on it. Plaintiff was present, and asked that the line be not run over a certain hill near the point of beginning as he intended to build on this hill ; and accordingly the line was slightly deflected and carried around the base of this small hill. Before the day fixed by this party to reassemble, the defendant came with another party, and against plaintiff's objection and positive prohibition cut the road across the hill. It thus appears that the plaintiff was treated by all the parties interested, including the defendant—it was the latter who interlined the stipulation as to the mill site in the petition—as the owner of the land, and that he in and about this very transaction asserted ownership and assumed to exercise the rights incident to ownership. This was all the evidence bearing on the question of ownership.

In our opinion these facts and circumstances—including the paper purporting to be a deed from Mrs. Barnes to plaintiff, which should have been received to show claim of right and color of title, and which we will consider—shows sufficiently for all the purposes of this case plaintiff's ownership of the land in two ways : First : The parol evidence adduced without objection together with the deed from Geo. W. Hill to Mrs. Barnes showed. that Byrd Hill was at the time of his death the owner of the land, that it descended to his only son and heir, Geo. W. Hill, that the latter regularly conveyed it to Mrs. Barnes, that plaintiff bought it from Mrs. Barnes, paid her for it and had been in possession of it from the time of the purchase to the time of trial. This oral tes-

timony was perhaps subject to objection, and exclusion thereon. No objection to it was made and it was not excluded. "Parties may try their causes on illegal evidence, if they choose to do so." These parties so elected here. The evidence is to be considered, (*Moon v. Crowder*, 72 Ala. 79; *McCalman v. State*, 96 Ala. 98; *Billingsley v. State, Ib*. 126; *Watson v. Simmons*, 91 Ala. 567); and it shows ownership.—*Clay v. Boyer*, 10 Ill. 506. *Second*. The evidence shows that plaintiff after he purchased the land was in such possession of it as its character and condition reasonably admitted of, he testified in terms that he was in possession, and at the time of the injury complained of he was actually on the land asserting his ownership and possession, and his rights to and in the land were at that time fully recognized by the defendant, but not respected. This possession in connection with his claim of right and title under the defective deed of Mrs. Barnes was a sufficient *prima facie* showing of ownership in this class of cases to throw upon the party contesting the title the burden of rebutting the presumption thus raised.—*Mason v. Park*, 3 Scam. 532; *Clay v. Boyer, supra; Abney v. Austin*, 6 Ill. App. 49; *Nelson v. Mather*, 5 Kan. 151; *McCleary v. Anthony*, 54 Miss. 708. No attempt was made by the defendant to discharge this burden by rebutting the *prima facie* presumption of plaintiff's ownership which arose on these facts.

The city court erred in excluding the paper purporting to be a deed from Mrs. Barnes to plaintiff, and in rendering judgment for the defendant. That judgment is reversed, but, exercising the discretion lodged in us by the statute, we will not render a judgment here. The cause is remanded.

Reversed and remanded.